## ALLEN–BRADLEY CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7142.

Circuit Court of Appeals, Seventh Circuit.

May 29, 1940.

Louis Quarles, Maxwell H. Herriott, and Irving T. Babb, all of Milwaukee, Wis., for petitioner.

J. P. Wenchel and Claude R. Marshall, both of Washington, D. C., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Edward M. English, Sp. Assts. to Atty. Gen., for respondent.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is a petition for the review of a decision of the Board of Tax Appeals finding additional income taxes due from petitioner for the year 1934. The assessment amounting to $1,107.01 resulted from the disallowance of a deduction of $8,351.45 claimed to be a bad debt, ascertained to be worthless and charged off during the taxable year.

The petitioner, a corporation organized under the laws of Wisconsin, is engaged in the manufacture and sale of electrical equipment, all of its capital stock being owned by Lynde and Harry Bradley, brothers, sons of Clara L. Bradley, who died testate on February 13, 1933, bequeathing, with the exception of two minor specific bequests, her entire estate amounting to

$15,621.02 to her two sons. For several years prior to her death she was seriously ill and unable to handle her financial affairs. During her illness there were recurring expenses for physicians' fees, nurses and medicines. Her sons, who were president and secretary respectively of petitioner, decided that it would be more convenient for petitioner to advance the money necessary to pay these expenses than it would be for them to pay them personally. In this respect Lynde Bradley testified: "It would have been necessary to sell her bonds, put the money in a bank, draw a check and get her signature, which was sometimes difficult." He also testified "we were quite sure when my mother finally passed away there would be sufficient in the estate to repay the money." Thereupon an account was opened in the name of Clara L. Bradley, in which were entered all items paid out for her benefit, totalling $8,351.45. No note or other evidence of indebtedness for money so advanced was given by her sons to petitioner and Clara L. Bradley had no knowledge that these advances were being made by petitioner.

After the death of Clara L. Bradley the petitioner filed in the Milwaukee County Probate Court a claim against her estate for the money advanced. The Public Administrator, representing the State of Wisconsin, whose duty it is to safeguard the interests of the State in probate proceedings, objected to the allowance of the claim, pointing out that under Sec. 325.16 Wis. Stat.1933,[1] prohibiting interested persons from testifying as to transactions with deceased persons, both Lynde and Harry Bradley, as officers and stockholders of petitioner, were incompetent to testify as to the transactions between the petitioner and their mother. No evidence having been offered by the petitioner to establish the validity of the claim against the estate, the Milwaukee County Probate Court on June 26, 1934 disallowed the claim and thereupon petitioner charged the amount off as worthless and uncollectible as of December 31, 1934.

Based upon this evidence the Board found as a fact that petitioner had not exhausted all reasonable means to make collection from Lynde and Harry Bradley, who were solvent, and determined that this petitioner was not entitled to deduct the sums advanced to Clara L. Bradley as a bad debt for the year 1934.

In this state of the record petitioner insists that the disallowance of the claim by the Milwaukee County Probate Court established the worthlessness of the debt so as to permit it to deduct the amount thereof in its 1934 income tax return.

On the other hand respondent asserts that no debt existed between the petitioner and Clara L. Bradley, but if there actually was a debt, the debtors were Lynde and Harry Bradley, and that there was no ascertainment of worthlessness, since no attempt was made requiring them to repay petitioner.

In the instant case the Board made no finding that there was a debt due from Clara L. Bradley to the petitioner. Of course we have not the power to make a finding on that question, even if we should deem the evidence warrants a finding. That is the exclusive province of the Board of Tax Appeals. Helvering v. Rankin, 295 U.S. 123, 131, 55 S.Ct. 732, 79 L.Ed. 1343; and Helvering v. National Grocery Co., 304 U.S. 282, 294, 58 S.Ct. 932, 82 L.Ed. 1346. Therefore, as we view this case, the only question presented is whether the petitioner has exhausted all possibility of obtain-

---

[1] Section 325.16 Wisconsin Statutes 1933: "325.16. Transactions with deceased or insane persons. No party or person in his own behalf or interest, and no person from, through or under whom a party derives his interest or title, shall be examined as a witness in respect to any transaction or communication by him personally with a deceased or insane person in any civil action or proceeding, in which the opposite party derives his title or sustains his liability to the cause of action from, through or under such deceased or insane person, or in any action or proceeding in which such insane person is a party prosecuting or defending by guardian, unless such opposite party shall first, in his own behalf, introduce testimony of himself or some other person concerning such transaction or communication, and then only in respect to such transaction or communication of which testimony is so given or in respect to matters to which such testimony relates. And no stockholder, officer or trustee of a corporation in its behalf or interest, and no stockholder, officer or trustee of a corporation from, through or under whom a party derives his or its interest or title, shall be so examined, except as aforesaid."

ing reimbursement for the advances made.

 Section 23(k) of the Revenue Act of 1934, c. 277, 48 Stat. 680, 26 U.S.C.A. Int.Rev.Code, § 23, allows as a deduction "debts ascertained to be worthless and charged off within the taxable year." Indebtedness signifies an unconditional obligation to pay. Gilman v. Commissioner, 8 Cir., 53 F.2d 47, 50, 80 A.L.R. 209. It is obvious before a taxpayer may deduct from his gross income, as a bad debt, the debt must have had an existence in fact, and the burden of proving that fact devolves upon the taxpayer. Burnet v. Houston, 283 U. S. 223, 227, 51 S.Ct. 413, 75 L.Ed. 991, and Helvering v. Taylor, 293 U.S. 507, 514, 55 S.Ct. 287, 79 L.Ed. 623. And if and when the taxpayer does establish that a debt exists, it yet remains for him to prove that he has exhausted all possibility of obtaining reimbursement. Lauriston Inv. Co. v. Commissioner, 9 Cir., 89 F.2d 327, 328.

Now, counsel contends that upon the entry of the judgment of the Milwaukee County Probate Court disallowing the claim, petitioner was entitled to write off the amount thereof as a bad debt. We cannot agree that the disallowance of the claim without more established the fact that a debt existed between the petitioner and Clara L. Bradley. It may well and with equal force, under the state of the record, be contended that that judgment established the fact that no debt existed. However that may be, the effect of that judgment was to prevent collection from the estate of Clara L. Bradley.

Assuming, but not deciding, that a debt exists, has the petitioner exhausted all possibility of obtaining reimbursement?

It is here that the point is made that because of the statutory restrictions[2] Lynde Bradley was prohibited from testifying as to the existence of a debt between Clara L. Bradley and the petitioner, i. e., that it was difficult to prove that the debt existed. But the statute cited did not prohibit petitioner from proving the existence of such a debt (and the circumstances under which made) by the testimony of others who had had any connection whatsoever with the services alleged to have been performed and rendered. We cannot assume that had such evidence been produced, it would have been fruitless. As in Burnet v. Houston, 283 U.S. 228, 51 S.Ct. 413, 75 L.Ed. 991, supra, we think, under the circumstances, the record is far from demonstrating the impossibility of supplying evidence from which the required fact might have been found.

We conclude that to draw inferences, to weigh the evidence and to declare the ultimate fact of worthlessness drawn from the probative facts is the function of the Board, and the court is bound by such findings if there is any substantial evidence to sustain the findings. Helvering v. National Grocery Co., 304 U.S. 294, 58 S.Ct. 932, 82 L.Ed. 1346, supra, and Lauriston Inv. Co. v. Commissioner, supra. The findings of the Board being amply sustained by the evidence, the decision must be affirmed. It is so ordered.