JOSEPH A. INDELICATO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 92999, 93000. Filed June 30, 1964.

*E. David Rosen*, for the petitioner.
*James D. Burroughs*, for the respondent.

OPINION

RAUM, *Judge:* The Commissioner determined the following deficiencies in petitioner's income tax for the years 1957–59:

| Year: | Deficiency | Additions to tax, I.R.C. 1954 sec. 6653(b) |
|---|---|---|
| 1957 | $11,358.76 | $5,679.38 |
| 1958 | 94.64 | |
| 1959 | 741.80 | 302.35 |

The deficiencies were based upon unreported income from undisclosed sources, measured by estimated expenditures by petitioner during each of the years in excess of his reported income and any known nontaxable resources.

The parties filed a stipulation of facts which incorporated petitioner's returns for each of the 3 years and contained some materials supporting the Commissioner's determination to some extent in respect of petitioner's personal living expenses.

At the trial petitioner's counsel called only two witnesses. The first, a Government revenue agent, testified simply as to his reliance upon certain material in petitioner's 1959 return as the basis for his recommending in his report that a certain item be included in petitioner's 1957 income. The second was an attorney who had prepared petitioner's 1959 return. Petitioner's counsel sought to obtain testimony from him as to the substance of certain documents relied upon by him in preparing the 1959 return, in order to establish that the foregoing item was improperly included in petitioner's 1957 income. The witness, however, had no first-hand knowledge whatever about the transaction, and the documents relied upon by him were not admissible in evidence.

Since the transaction involved alleged payments by the petitioner for certain stock and since the petitioner himself undoubtedly could give direct evidence on the matter, the Court, upon learning that petitioner was in the courtroom, suggested to counsel that it would be a simple matter to put the petitioner upon the stand and ask him directly about the payments. Counsel mysteriously replied, "I cannot do that, your Honor." The reason appeared shortly. After some further discussion between counsel and the Court and after counsel unsuccessfully sought to introduce the foregoing documents in evidence, he rested, whereupon the Government called petitioner as a

witness. Apart from giving his name and address he answered each question in substance as follows: "Upon advice of counsel, I respectfully decline to answer on the ground it may tend to incriminate me."

Such claim of privilege under the fifth amendment was plainly improper as to some of the questions, e.g., as to the amount of salary received during the year 1957. *United States* v. *Sullivan*, 274 U.S. 259, 263–264. Again, another question relating to the length of petitioner's employment "by the Indies Motel in 1957," was entirely proper since his 1957 return revealed the Indies Motel as his employer, and whatever privilege he may have had in that respect had been waived by that disclosure.

Upon failing to get any answers to its questions, the Government rested.

This case must be disposed of upon the basis of burden of proof. The burden was upon the petitioner in respect of the basic deficiencies, but it was upon the Government in respect of the section 6653(b) additions for fraud. Recognizing that it had been unable to carry its burden the Government conceded the additions for fraud, and asked the Court to rule that petitioner was liable for the basic deficiencies for failure of proof. The Court indicated that it was favorably inclined to reach that result, but, upon request of petitioner's counsel, authorized the filing of a brief. However, no such brief has been filed.

We hold that, in view of the state of the record, and wholly apart from any inferences that the Court might draw from petitioner's refusal to answer any questions that were not the proper subject for a claim of privilege, there has been a failure of proof by petitioner. In the circumstances,

> *Decisions will be entered approving the basic deficiencies but disapproving the section 6653(b) additions for fraud.*