Freeman W. **SAILOR**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

No. 6824.

United States District Court,
W. D. Kentucky,
at Louisville.

Sept. 20, 1971.

W. S. Heidenberg, Louisville, Ky., for Freeman W. Sailor.

George Long, U. S. Atty., Louisville, Ky., for United States.

## MEMORANDUM AND ORDER

BRATCHER, District Judge.

This is an action instituted against the defendant for the recovery of federal excise wagering taxes assessed and collected by the defendant from the plaintiff pursuant to 26 U.S.C. Section 4411 and 4401.

The principal cause of the assessment was the failure of the plaintiff to file the required excise wagering tax returns for the period January 1, 1968, through August 31, 1969, and the failure to file the required occupational tax form for the year July 1, 1969 through June 30, 1970.

The assessments have been unsuccessfully protested.

The evidence strongly indicates and is uncontradicted that the plaintiff was engaged in the business of accepting wagers for profit but failed to file the required wagering tax forms and pay the wagering tax due for the period of January 1, 1968 through August 31, 1969. The total amount of the assessed excise tax is $31,464.80 and the amount of the assessed occupational tax is $50.00 plus interest. Plaintiff has presently paid $1,697.86 for the month of July, 1969 and now demands recovery of this. This figure also represents the occupational tax due.

The defendant, however, filed a motion pursuant to Rules 12(b) (6) and 12(c), Federal Rules of Civil Procedure, asserting that the plaintiff has failed to

state a cause of action upon which relief can be granted, and this motion was sustained and granted by this Court on May 20, 1971. Now the plaintiff moves for this Court to set aside its Order and reconsider plaintiff's position.

The plaintiff insists that the Government acted illegally and arbitrarily in assessing the plaintiff for taxes due. This resulted from the plaintiff's failure to file the required form in 1968 and the Government then using information obtained in 1967 in a prior form (730), which was an average gross monthly wager, to compute the delinquent tax owed. The plaintiff does not maintain that he is not engaged in gambling or wagering activities for profit but rather he insists that he could not be constitutionally assessed these wagering excise taxes based on the information used by the defendant in this case. To support this position the plaintiffs rely totally on Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968).

■ More specifically, the crucial issue at hand is when a taxpayer engaged in the business of accepting wagers for profit refuses to file the required wagering tax returns and forms, can delinquent excise and occupational wagering taxes be constitutionally assessed and computed against him on the basis of forms and information filed the previous year?

The issues at hand in the instant case result primarily from the Government's method for taxing wagers. 26 U.S.C. Section 4401 imposes upon those engaged in the business of accepting wagers an excise tax of 10% on the gross amount of all wagers they accept. In addition, 26 U.S.C. Section 4411 imposes an occupational tax of $50.00 annually on those subject to taxation under Section 4401.

To assure collection of these taxes, certain ancillary provisions were established. Besides registration provisions, each wager is required to preserve daily records indicating the gross amount of the wagers subject to taxation, and each month the taxpayer is required to make a monthly return on Form 730 and send in the tax due.

However, when a taxpayer fails or refuses to file Form 730 there is a Code provision that allows the taxing authorities to make such return from their own knowledge and from such information as can be obtained through testimony or otherwise. See 26 U.S.C. Section 6020(b).

In the instant case the plaintiff refused to file Form 730 and now insists that the information that was used to compute his tax due was in violation of the language stated in Marchetti v. United States, supra and Grosso v. United States, supra.

This is unmeritorious. These two 1968 cases dealt with the identical taxing provisions as are involved in this case, and they not only held the wagering tax system was constitutionally permissible but that an individual who refuses to pay the wagering taxes and file the requisite information on Fifth Amendment grounds, cannot be "criminally punished" for violation of the wagering tax laws. See United States v. Tiktin, 6th Cir., 427 F.2d 1027 (1970). Thus, as plaintiff is not in any manner being criminally prosecuted for his gambling activities, these cases are not applicable.

Plaintiff in the instant case was assessed wagering taxes due based on his average gross wagers filed on Form 730 the previous year.

■ It is axiomatic that the taxing authorities findings are presumptively correct unless shown to be arbitrary and without foundation. And it has already been pointed out that when a taxpayer refused to file the necessary forms, other pertinent information can be resorted to.

■ It is obvious that where a taxpayer keeps no records and files no returns disclosing his income, no method can be devised which will produce an ex-

act result. Accordingly, the law does not require such exactitude. It is sufficient if the method employed produces a result which is substantially correct. All taxpayers, including the one here involved, by failure to keep records of their income assume the hazard that they may be called upon to pay a tax based upon an income which cannot be determined to a certainty. Such a situation, however, arises from the fault of the taxpayer and not that of the Commissioner. See Mendelson v. Commissioner of Internal Revenue, 7th Cir., 305 F.2d 519 (1962).

This Court therefore concludes that the computation method used in this case was sufficient, especially in view of the plaintiff's refusal to comply with the requisite Code provisions and supply the necessary information.

Wherefore, it is ordered that plaintiff's motion to set aside the Court's Order of May 20, 1971, is hereby overruled.