ROBERT E. WADE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wade v. Commissioner
Docket No. 8257-73.
United States Tax Court
T.C. Memo 1975-236; 1975 Tax Ct. Memo LEXIS 138; 34 T.C.M. (CCH) 1023; T.C.M. (RIA) 750236; July 16, 1975, Filed Robert E. Wade, pro se. Douglas R. Fortney, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $3,935.55, together with additions to tax under sections 6651, 6653(a), and 6654, Internal Revenue Code of 1954, in the respective amounts of $983.89, $196.78, and $125.95, in petitioner's income tax for 1971. At the time the case was called from the trial calendar at Dallas, Texas, petitioner declined to offer any evidence on the ground that to do so would violate rights which he says are guaranteed to him by the Fifth Amendment *139 and possibly other provisions of the United States Constitution. Respondent orally moved that the case be dismissed for petitioner's failure properly to prosecute his petition. The issue is whether petitioner's privilege under the Fifth Amendment or any other provision of the Constitution is violated by requiring him to bear the burden of proving, if he can, that respondent erred in his determination of petitioner's tax liabilities. Petitioner sent to the Internal Revenue Service an income tax return Form 1040 for 1971 which disclosed no information regarding the amount of his gross income or his allowable deductions. Across the face of the return the following words were inscribed: "In accordance with the rights granted me by the Fifth Amendment to the US Constitution I hereby decline to submit any information." [1]/ When petitioner's liability for 1971 was investigated, petitioner declined to make any records available to the Internal Revenue Service. Accordingly, respondent determined that petitioner's bank deposits from his business, which totaled a net amount of $80,228.83, represented gross receipts. [2]/ Respondent allowed as deductions the same amount as was *140 claimed on petitioner's income tax return for 1970. Cf. Sailor v. United States,343 F.Supp. 1279, 1280 (W.D. Ky. 1971), affd. 462 F.2d 488 (6th Cir. 1972), cert. denied 409 U.S. 851 (1972). *141 Petitioner filed his petition in this Court, making various allegations regarding his constitutional rights. The case was set for trial in due course, but petitioner refused to make any records available to the Court or respondent's counsel for stipulation purposes. When the case was called for trial, petitioner persisted in his refusal to permit his records to be examined or to offer any evidence. He asked that the trial be continued so that he could prepare his case, but he declined to commit himself to offer any evidence should a later trial be scheduled. [3]/ Petitioner based his refusal to offer evidence on grounds of possible self-incrimination. Respondent had sent a letter dated April 3, 1975, to petitioner, stating that "you are not and have not been the subject of a criminal investigation for the calendar year 1971," and this statement was repeated by respondent's counsel at the trial. *142 There is no evidence indicating that the Commissioner's investigation of petitioner's 1971 liability has been anything other than an attempt to verify petitioner's civil tax liability. In these circumstances, a claim of the Fifth Amendment or any other constitutional right does not relieve petitioner of his normal burden of proof. See Boren v. Tucker,239 F.2d 767, 772-773 (9th Cir. 1956); Arthur Figueiredo,54 T.C. 1508, 1512-1513 (1970), affd. per order (9th Cir. Mar. 14, 1973); cf. Wild v. United States,362 F.2d 206 (9th Cir. 1966). During the proceeding before this Court, petitioner stated, and respondent confirmed, that a special agent of the Internal Revenue Service had interviewed petitioner and advised him of his constitutional rights with respect to his failure to file income tax returns for years subsequent to 1971. This criminal investigation of later years, however, does not relieve petitioner of proving error in respondent's determination for 1971 since he has chosen to invoke this Court's jurisdiction. Notwithstanding that investigation, respondent's summons for the production of petitioner's 1971 records *143 under section 7602, Internal Revenue Code of 1954, would have been enforced. See Donaldson v. United States,400 U.S. 517, 536 (1971); United States v. Billingsley,469 F.2d 1208, 1210 (10th Cir. 1972); Sanford v. United States,358 F.2d 685, 686 (5th Cir. 1966). "If the petitioner's constitutional rights would not be violated through the enforcement of a summons for his tax records, clearly there is no constitutional violation by placing the burden of proof on him." E. Jan Roberts,62 T.C. 834, 838 (1974). This Court fully advised petitioner in open Court of the consequences of his failure to proceed with his case in terms of his civil liability and urged him to consult an attorney on that subject. Since petitioner declined, nevertheless, to offer any evidence in support of his petition or otherwise comply with the Court's suggestion that he consult an attorney, we have no alternative but to grant respondent's motion to dismiss the petition for failure properly to prosecute. [4]/ *144 An appropriate order and decision will be entered.
Footnotes
1. / The paper filed by petitioner as a return for 1971 is strikingly similar to the document filed in United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970), where the court said: "A taxpayer's return which does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code or the regulations adopted by the Commissioner." The Supreme Court decided long ago that the Fifth Amendment does not authorize one to refuse to state in a tax return the amount of his income even if it has been made in crime. United States v. Sullivan,274 U.S. 259↩ (1927). 2. / The notice of deficiency shows the name of the bank and the number of each account in which deposits were determined to have been made, together with the months and amounts of the deposits. The notice also adjusts for transactions identified as loans.↩
3. / A motion filed by petitioner for a jury trial and transfer of the case to the United States Dist. Court in Dallas, Tex., was denied. See Emma R. Dorl,57 T.C. 720 (1972), affd. per curiam 507 F.2d 406↩ (2d Cir. 1974), and cases cited therein.
4. / Where some evidence has been offered and the taxpayer has then refused to proceed with his proof on grounds of possible self-incrimination, this Court has held that the taxpayer has failed to carry his burden of proof. See, e.g., E. Jan Roberts,62 T.C. 834 (1974), and cases cited therein; Arthur Figueiredo,54 T.C. 1508 (1970), affd. per order (9th Cir. Mar. 14, 1973); Joseph A. Indelicato,42 T.C. 686↩ (1964). However, petitioner offered no evidence whatever in the instant case.