DONALD E. SPENCER and RUBBIE R. SPENCER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Spencer v. Commissioner
Docket No. 2676-76.
United States Tax Court
T.C. Memo 1977-145; 1977 Tax Ct. Memo LEXIS 299; 36 T.C.M. (CCH) 616; T.C.M. (RIA) 770145; May 12, 1977, Filed Donald E. Spencer, pro se. Kenneth W. McWade, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This matter is before us on respondent's motion to dismiss for failure to properly prosecute on the ground that petitioners failed to present any evidence at trial. Respondent further requests that decision be entered in his favor for the following deficiencies: [1]
[2] Additions to Tax Year
Income Tax
Sec. 6651(a) Sec. 6653(a)
1972
$ 419 $105 $21
1973
1,254
314
63
*300 Although the petitioners did not present evidence relative to the substantive tax issue, they did raise several constitutional arguments which they consider to be of some stature. Hence, before disposing of respondent's motion, we shall first examine the validity of these arguments. Petitioners are husband and wife who resided in Maple Valley, Washington, at the time they petitioned this Court. Petitioners' Forms 1040 filed with respondent for the years in issue disclosed no information with respect to the amounts of their gross income and deductions. During respondent's subsequent audit inquiry with respect to their tax liability, petitioners declined to make their books and records available to respondent. Hence, respondent used the bank deposits method of income reconstruction to determine petitioners' income during the years before us, allowing as deductions the amounts claimed on prior returns. See Sailor v. United States,343 F. Supp. 1279 (W.D. Ky. 1971), affd. 462 F.2d 488 (6th Cir. 1972).
After receiving notice of such determination, petitioners filed a petition with this Court presenting a variety of constitutional claims. At trial, *301 petitioners produced their books and records in compliance with a subpoena duces tecum.At that time, they were made available to respondent for his examination. Petitioners refused, however, to introduce the records into evidence or to present testimony in refutation of respondent's determination. Petitioners based this refusal to offer evidence and oral testimony on grounds that to do so would violate their Fifth Amendment rights against self-incrimination. They further contested the correctness of placing the burden of proof upon them to establish their correct amount of income, the Court's denial of their request for a jury trial, and the validity of the statutory notice which they declare void for lack of sworn verification.
With regard to petitioners' self-incrimination contention, it is clearly of no value in this context. Petitioners have brought out no specifics that would indicate that a criminal investigation is under way, but maintain simply that supplying routine income tax information may result in their incrimination. Without more, however, the Fifth Amendment rights do not relieve an individual from the duty of reporting his income on his tax return. United States v. Sullivan,274 U.S. 259 (1927). *302 See also Porth v. Brodrick,214 F.2d 925 (10th Cir. 1954). Furthermore, petitioners have given us no indication that such a criminal investigation is even a remote possibility. See Rogers v. United States,340 U.S. 367 (1951); Brown v. Walker,161 U.S. 591 (1896). We likewise consider petitioners' remaining contentions to be without substance. Petitioners have demonstrated no reason, constitutional or otherwise, which would compel relieving them of their normal burden of proof. Boren v. Tucker,239 F.2d 767 (9th Cir. 1956); Figueiredo v. Commissioner,54 T.C. 1508 (1970), affd. in an unpublished order (9th Cir. 1973). Similarly, petitioners' request for a jury trial after voluntarily invoking the jurisdiction of this Court is clearly inappropriate. Cupp v. Commissioner,65 T.C. 68 (1975), on appeal (3d Cir. July 26, 1976); Dorl v. Commissioner,57 T.C. 720 (1972), affd. per curiam 507 F.2d 406 (2d Cir. 1974). Finally, petitioners' argument that, pursuant to section 6065, respondent's statutory notice of deficiency is required to be signed under penalties *303 of perjury is equally unsound. Section 6065 relates to returns and other documents filed with respondent; there is no corresponding statutory requirement that a notice of deficiency issued by respondent be similarly verified. See section 6212. In view of the petitioners' refusal to present any evidence in support of the underlying issue and the invalidity of the legal arguments advanced at trial, we have no recourse other than to grant respondent's motion and enter a decision in his behalf. An appropriate order will be issued. Footnotes
1. In his notice of deficiency, respondent originally determined income tax deficiencies and additions to the tax totalling $7,287.34 for 1972 and $6,351.45 for 1973. At trial, respondent requested that decision be entered in the reduced amounts set forth above. ↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩