MARVIN J. MICHAUD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Michaud v. Commissioner
Docket No. 26707-81.
United States Tax Court
T.C. Memo 1983-363; 1983 Tax Ct. Memo LEXIS 430; 46 T.C.M. (CCH) 528; T.C.M. (RIA) 83363; June 20, 1983. Marvin J. Michaud, pro se. Patrick J. Dowling, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: Respondent determined the following deficiencies and additions to tax in petitioner's 1978 and 1979 Federal income taxes: Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654(a)
1978
$8,468.56
$1,862.00
$423.43
$229.61
1979
9,663.34
2,415.84
483.17
403.91
On May 18, 1982, respondent was granted a partial summary judgment on the issue of petitioner's deficiencies. Thus, the sole issue for decision *431 is whether petitioner is liable for additions to tax for failure to file income tax returns, for negligence or intentional disregard of respondent's rules and regulations, and for failure to pay estimated tax. Some of the facts have been stipulated and are found accordingly. Petitioner, Marvin J. Michaud, resided in Dunlap, Kansas, at the time of filing the petition herein. On March 13, 1978, petitioner was ordained a Minister in the Life Science Church. Three days later, petitioner executed a "Vow of Poverty" by which he purported to convey all of his possessions and income to The Order of Almighty God 11,517, a chapter of the Life Science Church. As a result of having taken the "Vow of Poverty," on March 22, 1978, petitioner filed a Form W-4 (Employee's Withholding Allowance Certificate), claiming to be exempt from the withholding of Federal income taxes from his wages. During the years in issue, petitioner was employed by the Atchison, Topeka, and Santa Fe Railway Company in Topeka, Kansas, and earned wages therefrom of $27,297.12 and $30,641.52 during 1978 and 1979, respectively. Income taxes of only $1,020.55 were withheld from his 1978 wages, and no income taxes were *432 withheld from his wages in 1979. As of July 24, 1981, petitioner had not filed Federal income tax returns for 1978 or 1979, and on that date respondent issued a notice of deficiency to petitioner asserting the deficiencies and additions to tax as set forth above. On March 22, 1982, petitioner filed Forms 1040 for 1978 and 1979 on which he included his name, address, and Social Security number. On all of the other lines petitioner wrote "Object: Self-incrimination." Appended to the Forms 1040 were 13 pages of materials concerning an individual's rights against self-incrimination. We must decide whether petitioner is liable for the additions to tax determined by respondent. Petitioner bears the burden of proving that he is not liable for such additions. Welch v. Helvering,290 U.S. 111 (1933), Rule 142(a), Tax Court Rules of Practice and Procedure.
When this case was called for trial, petitioner offered no evidence to rebut the additions to tax determined by respondent in the statutory notice; instead, petitioner invoked the privilege against self-incrimination under the Fifth Amendment. Nothing in the record, however, establishes that there are any pending *433 or proposed criminal proceedings against petitioner for the years in issue. On the record before us, petitioner's Fifth Amendment claim is frivolous. Any possible danger of self-incrimination is so remote or speculative that it cannot support a Fifth Amendment claim. [2]McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F. 2d 1234 (9th Cir. 1983). Moreover, a Fifth Amendment claim, even if valid, does not relieve petitioner of his burden of proof. Indelicato v. Commissioner,42 T.C. 686, 688 (1964). The Form 1040's and other documents which petitioner submitted to the IRS for each year in issue lacked sufficient information which could be used to compute his tax liabilities and, therefore, they do not constitute Federal income tax returns. United States v. Porth,426 F. 2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970); Cupp v. Commissioner,65 T.C. 68, 79, 84 (1975), affd. without published opinion 559 F. 2d 1207 (3d Cir. 1977); Jarvis v. Commissioner,78 T.C. 646 (1982). *434 Moreover, the Forms 1040 for both 1978 and 1979 were not filed until March 22, 1982. Consequently, we sustain the additions to tax under section 6651(a) for failure to file timely returns. With respect to the additions to tax under section 6653(a), petitioner has not established that his refusal to file income tax returns as required by law was other than an intentional disregard of respondent's rules and regulations. Thus, those additions are also sustained. Finally, the section 6654 addition to tax is imposed regardless of a showing of reasonable cause, absent exceptions provided in section 6654(d) which are not applicable here. Section 1.6654-1(a), Income Tax Regs.; Reaver v. Commissioner,42 T.C. 72, 83 (1964). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended.↩
2. See also Coulter v. Commissioner,T.C. Memo. 1983-19↩.