KENNETH JAMES McINNES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McInnes v. Commissioner
Docket No. 27275-82.
United States Tax Court
T.C. Memo 1984-88; 1984 Tax Ct. Memo LEXIS 581; 47 T.C.M. (CCH) 1145; T.C.M. (RIA) 84088; February 27, 1984. Kenneth James McInnes, pro se. Francine P. Reibl, for the respondent. BUCKLEY
MEMORANDUM FINDINGS OF FACT AND OPINION BUCKLEY, Special Trial Judge: This case was assigned to and heard by the undersigned pursuant to the *584 provisions of section 7456(c) and (d), [1] General Order No. 8 (81 T.C. V) (July 1983) and Rules 180 and 181. [2]
Respondent mailed on August 17, 1982, a statutory notice of deficiency determining a deficiency of $1,608 in 1980 Federal income taxes for petitioner and his wife. The issues for decision are (a) whether petitioner is entitled to a casualty loss deduction for damage to a leased automobile; (b) whether petitioner is entitled to a nonbusiness bad debt deduction; (c) whether petitioner is entitled to deduct rental payments as a business expense; (d) whether the negligence addition under section 6653(a) should be imposed; and (e) whether damages for instituting proceedings merely for delay under section 6673 should be awarded to the United States. To the extent stipulated, the facts are so found. *585 Petitioner resided in San Diego, California, at the time of filing the petition herein. The petitioner and his wife, Bievenida McInnes, filed a joint return for 1980 with the director, Fresno Center, Califormia. The deficiency notice was addressed to both petitioner and his wife, but only petitioner has filed a petition herein. [3]
The Statutory Notice of Deficiency. In the petition and at the pretrial conference in this matter petitioner contended that the statutory notice of deficiency was invalid and should be quashed. As we understand petitioner's complaints about the issuance of the notice, they arise from the following circumstances. Petitioner timely filed his joint return for 1980, and subsequently the return was selected for audit. As a result of a review of the tax return, petitioner was requested by mail to meet with an auditor and to provide information about certain listed deductions. Petitioner neither met with nor provided the Internal Revenue Service with any information or substantiation. *586 When the notice of deficiency issued, it disallowed those deductions as to which there had originally been a request for information, as well as other items. One of petitioner's arguments is that the Internal Revenue Service lacks authority to disallow a deduction unless it has first requested information about the item. He also argues that by claiming his Fourth Amendment constitutional right to privacy, he cannot be penalized by an assertion of additional tax for no other reason than that the constitutional right was claimed. He went on to argue that the only manner in which the Commissioner might obtain information, absent the voluntary disclosure of a taxpayer, is through the issuance of a summons under section 7602.Lacking that, they are without authority to assert a deficiency. Lastly, petitioner contends that an unsworn statement by the Internal Revenue Service cannot take precedence over a sworn statement by a taxpayer on the return that the tax shown is correct. The Court explained to petitioner at the pretrial conference that this Court generally (as is the case here) will *587 not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedures involved in making his determination. Proesel v. Commissioner,73 T.C. 600 (1979); Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). Section 6212 contains no requirements as to the precise form of a notice of deficiency.It has long been clear that a notice is not invalid because it was not signed ( Commissioner v. Oswego Falls Copr.,71 F.2d 673 (2d Cir. 1934), affg. 26 B.T.A. 60 (1932)), because the signature was typed rather than signed ( Kelly v. Commissioner,T.C. Memo. 1957-7), or because it was not signed under penalty of perjury ( Spencer v. Commissioner,T.C. Memo. 1977-145). The mere fact that petitioner herein did not allow the Commissioner to examine his records did not establish that the Commissioner's determination was arbitrary or invalid. Figueiredo v. Commissioner,54 T.C. 1508 (1970), *588 affd by an unpublished order (9th Cir., Mar. 14, 1973); Tanner v. Commissioner,T.C. Memo. 1977-183; truxal v. Commissioner,T.C. Memo. 1982-616. Indeed, it would be a strange rule of law which would prevent the Commissioner of Internal Revenue from doing his duty in ascertaining the correctness of a taxpayer's return (sec. 7602) solely as a result of a taxpayer's refusal to provide the Commissioner with the necessary information to make that judgment. Our comment in Truxal,supra, seems particularly appropriate: It seems to us petitioners want to have it both ways.By not furnishing the substantiating information to repondent, petitioners forced him to disallow in the statutory notice all claimed deductions. Under petitioners' approach, if respondent were to disallow a deduction which later proved deductible, then the entire notice was arbitrary and should be dismissed. On the other hand, if respondent were to allow a deduction in the notice in order to protect against a finding of erroneous disallowance, he would be abdicating his responsibility of inquiring into the true deductibility of each expenditure. The respondent may not *589 be whipsawed in such a manner. [44 TCM at 1485, 51 P-H Memo T.C. par. 82,616 at 82-2745.] Clearly, this case must be decided on the basis of the burden of proof. Figueiredo v. Commissioner,supra;Indelicato v. Commissioner,42 T.C. 686 (1964). Respondent's determinations in the statutory notice of deficiency are prima facie correct and as to the disallowances, the burden rests upon petitioner. Welch v. Helvering,290 U.S. 111; Rule 142(a). As to the allegation set forth in respondent's Amended Answer that petitioner is liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations, the burden rests upon the respondent. Rule 142(a). It is from this posture that we examine the evidence produced in this matter. Dependency Exemption. Respondent disallowed a dependency exemption for petitioner's mother. Petitioner testified that during 1980 his mother lived in the same apartment building as petitioner and his wife. She had had a stroke and petitioner's *590 wife, who was a nurse, cared for her. Petitioner testified that they paid for a number of things for her such as a television set and providing her with furniture.They also paid the rent which petitioner thought was about $200 per month. However, petitioner was unable to provide any information whatsoever as to the total support provided for his mother, thus making it impossible to substantiate the deduction which is allowed only, under this factual circumstance, to one who has provided over one-half of the dependent's support. Sec. 152(a). Recognizing his failure of proof, petitioner conceded this issue at trial and the respondent's disallowance of the deduction is upheld. Casualty Loss. Petitioner's wife leased a 1981 Honda Civic under an open-end lease from J. J. Leasing on October 30, 1980. The lease provided that the original value of the Honda was $6,309. The lease term was three years and, according to its terms, the lessee bore the risk of damage or loss to the car. The lease provided that lessee would be liable for the difference between the estimated residual value of the vehicle at the end of the lease term and its realized value. The leased Honda was involved *591 in an accident in November of 1980 which resulted in $1,875 worth of repairs done by the Triangle Auto Body & Paint Shop. Petitioner's insurance company paid in full for these repairs. Petitioner had the car appraised in March of 1981, at which time the car was valued at $4,900. The petitioner took a $1,100 casualty loss deduction for the reduction in value of the car. The $1,100 represents the difference between the $6,100 value assigned to the car as of October 1980, when new, by the appraiser and the value given at the March 1981 appraisal ($4,900), less the $100 floor required by section 165(h). Section 165(a) allows a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise. The amount allowable as a deduction is the lesser of either the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property, or the difference between the fair market value of the property immediately before the casualty and the fair market value of the property immediately after the casualty. Sec. 1.165-7(b), Income Tax Regs. *592 Section 165(c) limits deductible losses of individuals to losses incurred in a transaction entered into for profit; losses incurred in a trade or business; and losses or property not connected with a trade or business if the loss results from fire, storm, shipwreck, or other casualty.
Petitioner contends that the $1,200 reduction in value constitutes a casualty loss. We agree that the automobile accident was a casualty and falls within the provision of section 165(c). Petitioner has the burden of proving that a loss was sustained and the amount of the loss. Welch v. Helvering,supra;Rule 142(a). Respondent argues that under section 165(c)(3) deductible losses are limited to losses of property owned by the taxpayer claiming the losses and because the petitioner's wife leased the car, the casualty loss is not deductible. However, we need not consider whether a loss would be deductible in this case because petitioner has failed to prove that there in fact was a loss. Petitioner offered evidence of the value of the car when new and its value about four months after *593 the accident. He failed to establish the valuation relevant to determining a loss (i.e., value immediately before the accident and value immediately following the accident). Sec. 1.165-7(b), Income Tax Regs. Without further evidence we cannot conclude that the car's value at the time of the accident was that of a new car despite the fact that the accident occurred shortly after the car was leased. Petitioner established the value of the car four months after the accident however he offered no support for relating that valuation back to immediately following the accident. Petitioner has failed to establish that the reduction in the value of the car was the result of the accident and not the result of ordinary depreciation. We note that petitioner did not bear the burden of the repair costs as they were all compensated for by the insurance company. To be allowable as a deduction under section 165(a), a loss must be evidenced by closed and completed transactions, fixed by identifiable events and actually sustained during the taxable year. Only a bona fide loss *594 is allowable. Sec. 1.165-1(b), Income Tax Regs. Based on the lease any reduction in the value of the car was at most a potential loss that would not be sustained until the lease period expired. Only a bona fide loss is deductible not an anticipated loss. Sec. 1.165-1(b), Income Tax Regs. Therefore, respondent's determination disallowing the deduction is upheld. Bad Debt. On September 23, 1980, petitioner gave Alfred DiNunzio, his barber of eight years, a check in the amount of $6,900.Petitioner testified that the money was to be used by Mr. DiNunzio to exercise an option he had on land in Texas, was to be for a short term, and he was to receive 100 percent on the "loan." Mr. DiNunzio told petitioner that funds were to be repaid as soon as the option was exercised and the land was resold which was to be in approximately 10 days. Petitioner failed to obtain a note and the only evidence of a "loan" is a canceled check from petitioner's personal account for $6,900 made out to and endorsed by Mr. DiNanzio. Petitioner's only evidence that the "loan" had become worthless is his own testimony and a copy of a criminal complaint *595 filed against Mr. DiNunzio by others in July 1981. The complaint against Mr. DiNunzio concerned charges of presenting as payment checks drawn on an account with insufficient funds and grand theft under California Penal Code sections 476(a), 475(a) and 487.1 (West 1970). Petitioner was not a party to the criminal complaint and did not initiate any action criminal or civil on his own against Mr. DiNunzio. Petitioner also testified that Mr. DiNunzio had been convicted of insurance fraud in February of 1981 in connection with arson at his beauty shop. From his testimony it is apparent that petitioner made only half-hearted attempts to ascertain the status of the obligation from Mr. DiNunzio on or about the time the loan was due for repayment. Petitioner tried to talk to Mr. DiNunzio concerning the loan when he ran into him on the street and attempted to contact him by phone. He also testified that Mr. DiNunzio was a fugitive from justice. However, petitioner offered little concrete evidence of either the nature of his arrangement with Mr. DiNunzio or the financial condition of Mr. DiNunzio. *596 Section 166(a) allows as a deduction any debt which becomes worthless during the taxable year.The loss resulting from a worthless nonbusiness debt is not deductible under section 166(a), but is treated, pursuant to section 166(d), as a loss from the sale or exchange of a capital asset held for not more than six months. A nonbusiness debt is a debt other than a debt created or acquired in connection with taxpayer's trade or business or a debt the loss from the worthlessness of which is incurred in the taxpayer's business. Sec. 166(d)(2). In order to be entitled to a deduction under section 166, a taxpayer must establish (1) the existence of a bona fide debt owed to the taxpayer; (2) the taxpayer's basis in such debt; and (3) the fact that such debt became worthless in whole or in part in the year the deduction is claimed. Andrew v. Commissioner,54 T.C. 239 (1970); sec. 1.166-1, Income Tax Regs. The taxpayer bears the burden of proof with respect to each of these elements. Welch v. Helvering,supra;Rule 142(a). Only a bona fide debt qualifies for a bad debt deduction. A bona fide debt is one which arises from *597 a debtor-creditor relationship based on a valid and enforceable obligation to pay a fixed or determinable sum of money. Zimmerman v. United States,318 F.2d 611 (9th Cir. 1963); sec. 1.166-1(c), Income Tax Regs. Both parties must intend to establish an enforceable obligation of repayment at the time the money is transferred in order to create a bona fide debt. Delta Plastics Corp. v. Commissioner,54 T.C. 1287 (1970). We are not convinced that both parties had the requisite intent to create a debt obligation. No note exists as evidence of a loan and the 100-percent return is far above the 7-percent per annum permitted under California Constitution Art. XX, section 22. Perhaps petitioner was investing with Mr. DiNumzio in the Texas project rather than lending him money. We cannot under the facts find that a bona fide debt was created. In any event, even if a bona fide debt had been created, petitioner has not shown its worthlessness in the taxable year ending December 31, 1980. The year a debt becomes worthless is a question *598 of fact and petitioner has the burden of proving this issue. Boehm v. Commissioner,326 U.S. 287 (1945); Mueller v. Commissioner,60 T.C. 36 (1973), affd. as to this issue, revd. and remanded on another issue, 496 F.2d 899 (5th Cir. 1974). Petitioner made no serious attempts to collect the debt and he had an obligation to exhaust all reasonable means of collecting a debt before a determination of worthlessness can be made. A. Finkenberg's Sons, Inc. v. Commissioner,17 T.C. 973 (1951). The criminal complaint against Mr. DiNunzio, in addition to being dated well after the year of the deduction for 1980, does not establish that he was without the assets to repay petitioner. Petitioner presented no evidence concerning Mr. DiNunzio's financial condition other than his own sketchy testimony concerning the repossession of Mr. DiNunzio's home. Petitioner's unsupported conclusion that the debt was worthless in 1980 fails to meet his burden. Bryan v. Commissioner,32 T.C. 104 (1959), affd. 281 F.2d 238 (4th Cir. 1960), cert. denied 364 U.S. 931 (1961). Without any evidence *599 other than petitioner's testimony this Court cannot determine whether the check to Mr. DiNunzio represents a loan, an investment, a gift or a theft. There is also a lack of evidence concerning the worthlessness of the debt if indeed it was a debt. Respondent's determination disallowing the bad debt deduction is sustained.
Business Rental Expense. Petitioner has been in the business of tax preparation and counseling since 1973.After November 1978 he conducted this business in space he rented at Lafayette Business Offices, which is located at 2223 El Cajon Boulevard. On his 1980 income tax return petitioner deducted $1,425 as a business expense for rental of the business property. Respondent totally disallowed the deduction for rental payments while allowing other business expenses which had been taken on the Schedule C. Failure to substantiate the rental payments was given as respondent's only reason for disallowing the deduction, therefore, we may assume that petitioner's activities constituted a trade or business. Petitioner presented copies of receipts for rental payments made in 1980, which bore the name and address of the building and were signed by the building manager. *600 He did not offer canceled checks or a copy of the rental agreement. The Court is troubled by petitioner's inability to produce canceled checks which would have been a better record, particularly because he holds himself out as a tax preparer and is aware that records should be kept. However, we are convinced by the receipts and petitioner's corroborative testimony that the rental payments were in fact made. The receipts presented by petitioner reflect rental payments of $1,785 made in 1980. [4] Petitioner took a deduction for only $1,425 on his return and challenged only that disallowance in his petition herein. Therefore a deduction of $1,425 will be allowed for rental payments under section 162 as ordinary and necessary business expenses. Negligence Addition. At the trial respondent made a motion for leave to file an amendment to his answer which was granted.The negligence addition of section 6653(a) was raised in the amendment to the answer, therefore, respondent has the burden of proof on this issue. Rule 142(a). *601 Section 6653(a) imposes an addition on any part of an underpayment of tax which is due to negligence or intentional disregard of rules or regulations. Respondent contends that petitioner was negligent in failing to keep adequate records and in taking an exemption for his mother on his income tax return and conceding that issue at trial. Petitioner conceded the exemption for his mother because he did not have the documents necessary to establish his entitlement to that deduction with him in Court. Negligence or an intentional disregard of the rules is not established merely by the fact that deductions were not allowed. DeFelice v. Commissioner,T.C. Memo. 1966-158, affd. 386 F.2d 704 (10th Cir. 1967). On the basis of the record, we conclude that respondent has failed to meet his burden to prove that any portion of the underpayment was due to negligence or intentional disregard of rules and regulations. Accordingly, the addition for negligence under section 6653(a) shall not be imposed. Damages. In their amendment to the answer respondent requested *602 that damages under section 6673 be awarded to be United States. Section 6673 provides that this Court may award damages to the United States when it appears that proceedings have been instituted by the taxpayer merely for delay. Based on our consideration of the entire record, we have determined that damages should not be awarded in this case. Throughout the pretrial proceedings petitioner challenged the validity of the deficiency notice and refused to substantiate his deductions. However, at the trial petitioner offered evidence concerning his deductions and was generally cooperative with the Court. We are not convinced that petitioner instituted these proceedings merely for delay. Accordingly, damages under section 6673 will not be awarded. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Pursuant to the order of assignment and on the authority of the "otherwise provided" language of Rule 182, the post-trial procedures set forth in that rule are not applicable in this case.↩
3. This case was originally commenced under the Court's small tax case procedures. Subsequently, petitioner moved for and was granted removal of small tax case designation.↩
4. A portion of these payments represent prepayments of rent due in 1981.↩