Merrill N. BRADLEY, et al. and John R. Murray, et al., Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 83–7143.

United States Court of Appeals, Eleventh Circuit.

April 23, 1984.

Lee C. Bradley, Jr., William Allen Smyly, Jr., Birmingham, Ala., for plaintiffs-appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Douglas G. Coulter, Atty-Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before KRAVITCH, JOHNSON and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

In this tax case, we review the district court's ruling that the transaction between appellant taxpayers and an Alabama limited partnership constituted a sale of property, rather than an option to purchase, and that the payments derived therefrom were interest income subject to tax assessment under 26 U.S.C.A. § 61(a)(4) (West 1967). We affirm.

### Facts

The appellant taxpayers were co-owners of approximately 320 acres of land (hereinafter Lovick property) near Lovick, Alabama. On July 27, 1974, Gary L. Thompson (Thompson) asked appellant, John Murray, to sell him the Lovick property.

On July 30, 1974, the taxpayers, as sellers, and Thompson, as purchaser, negotiated and entered into a real estate contract. Thompson organized an Alabama limited partnership named "Thompson Properties 118AA 320 Ltd." (Thompson Properties) which ultimately took the interest in the land under the contract for sale.

The contract called for an initial payment of interest, five subsequent annual interest payments, then six annual payments combining interest and principal. To secure the debt on the property, Thompson executed a mortgage deed. The mortgage deed covered the land for the full purchase price and contained an exculpatory clause absolving the purchasers of any personal liability thereon and limiting taxpayers' remedy solely to foreclosure on the property. Thus, the purchase price was evidenced by a nonrecourse note from Thompson Properties.

As consideration for the promissory note and mortgage, taxpayers gave Thompson Properties the deed to the property. Thompson Properties, for the next four years, paid the annual interest and property taxes. In addition, Thompson Properties rented a house on the premises.

In 1979, Thompson Properties defaulted on the mortgage and note, the taxpayers took delivery of the deed under an escrow agreement, and record title was returned to taxpayers.

The taxpayers, in their 1974, 1975, and 1976 income tax returns, included amounts received under the agreement as interest income. In September, 1977, through amended returns for 1974, 1975, and 1976, the taxpayers claimed refunds contending that the funds received under the agreement were payments on a continuing option and not interest income. After a second filing of amended returns, the taxpayers' refund claims were denied. The taxpayers then filed this suit for a refund in the district court alleging overpayments of their 1974, 1975, and 1976 taxes.

At trial, the district court ruled that the payments received by taxpayers on the promissory note were interest income pursuant to a "sale" and, therefore, were properly taxed during the years in question.

Taxpayers contend that the district court erred in finding that the payments received by taxpayers were interest income. In support of this contention, taxpayers assert that the transaction at issue lacked sufficient economic substance to give rise to tax liability because no genuine indebtedness existed on the part of the purchaser. Succinctly stated, taxpayers claim that the transaction, although appearing to be a "sale" of property, was actually an "option" agreement whereby the purchaser, Thompson Properties, made annual payments to keep open a right to purchase in the future.

## Issue

The issue before this court is whether a taxpayer may challenge the tax consequences of his own agreement in the absence of proof which, in an action between the parties, would be admissible to alter the contract's construction or to show its unenforceability because of mistake, undue influence, fraud, duress, et cetera.

## Discussion

■■■ It is well settled law that the Commissioner of the Internal Revenue Service, in determining income tax liabilities, may look through the form of a transaction to its substance. The law further declares that as a general rule, the Commissioner may bind a taxpayer to the form in which the taxpayer has cast a transaction. *Spector v. Commissioner*, 641 F.2d 376, 381 (5th Cir. Unit A 1981).[1]

■■■ Correspondingly, the United States Supreme Court emphasized in *Commissioner of Internal Revenue v. National Alfalfa Dehydrating and Milling Corp.*, 417 U.S. 134, 94 S.Ct. 2129, 40 L.Ed.2d 717 (1974), that: "This court has observed repeatedly that, while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice ... and may not enjoy the benefit of some other route he might have chosen to follow but did not." *National Alfalfa*, 417 U.S. at 147, 94 S.Ct. at 2136 (citations omitted).

In *Spector*, however, this circuit recognized an exception to the above-stated principle, and has, in some instances, allowed a taxpayer to challenge the form of a transaction when it is necessary to avoid unjust results. *Spector*, 641 F.2d at 382; *Barran v. Commissioner of Internal Revenue*, 334 F.2d 58, 63 (5th Cir.1964). In *Spector*, the former Fifth Circuit observed:

A party can challenge the tax consequences of his agreement as construed by the Commissioner *only by adducing proof* which in an action between the parties would be admissible to alter that construction or to show its unenforceability because of mistake, undue influence, fraud, duress, et cetera.

*Spector*, 641 F.2d at 382 (quoting *Commissioner v. Danielson*, 378 F.2d 771, 775 (3rd Cir.1967)) (emphasis added.)

Taxpayers argue that this court must pierce the form of the agreement that taxpayers voluntarily entered into. Binding legal precedent forecloses such an argument. *See Id.* Taxpayers have failed to follow this court's ruling in *Spector*. Taxpayers have failed to submit any evidence to prove the existence of a mistake, undue influence, fraud, or duress so as to merit release from the transaction form that they employed.

Instead of following the court's ruling in *Spector*, taxpayers stray from binding precedent and now seek to support their position by citation to *Frank Lyon Co. v. United States*, 435 U.S. 561, 98 S.Ct. 1291, 55 L.Ed.2d 550 (1978). The facts in *Frank Lyon* do not bear a notable resemblance to those in this case. After applying an "economic substance" analysis, the Commissioner, in *Frank Lyon*, attempted to pierce the form of a taxpayer's agreement in order to assess taxes on a business transaction. Subsequent to thorough examination of the transaction's substance, the Court held it to be in conformity with the form adopted by the taxpayer and, thus, rejected the Commissioner's challenge.

*Frank Lyon* is readily distinguishable from the present case. Unlike taxpayers in this case, the taxpayer in *Frank Lyon* did not seek to abandon its own agreement to obtain tax relief based upon the underlying economic substance of the transaction. The factual setting of *Frank Lyon* and this case are strikingly dissimilar and, therefore, inapposite. Accordingly, *Frank Lyon*, does not support taxpayers' argument and does not invalidate the former Fifth Circuit's ruling in *Spector*.

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

Because appellant taxpayers failed to produce the type evidence required by *Spector*, we conclude that they are unable to alter the form in which they cast their sale agreement. Thus, we affirm the district court's ruling that the tax was properly paid on the interest income.

AFFIRMED.