T.C. Memo. 1997-352


UNITED STATES TAX COURT


RAYMOND K. AND MINERVA R. MASON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9998-96.                    Filed July 31, 1997.

     Ps, shareholders of a closely held corporation,
received certain advances of funds from the corporation
in 1987 and 1988 which they used for personal and
investment expenses.  The loans were not evidenced by a
note or security agreement, and no interest rate was
agreed to or set by the parties during these years.  Ps
also made certain repayments on the loans in 1987 and
1988 which were reflected as reductions of principal on
the financial ledgers of both Ps and the corporation.

     R determined that Ps were the recipients of below-
market loans from the corporation and, among other
things, adjusted their income to reflect distributions
pursuant to sec. 7872, I.R.C.  <u>Held</u>:  Ps have dividend
income in an amount equal to the forgone interest from
the below-market demand loans. <u>KTA-Tator, Inc. v.
Commissioner</u>, 108 T.C. 100, 106-107 (1997), applied.
<u>Held</u>, <u>further</u>, additions to tax under sec. 6661,

I.R.C., are sustained, subject to recomputation under Rule 155.


Mike E. Jorgensen, for petitioners.

Charles Baer, for respondent.


MEMORANDUM OPINION

NIMS, Judge:  Respondent determined the following deficiencies, additions to tax, and accuracy-related penalty with respect to the Federal income tax of petitioners, Raymond K. and Minerva R. Mason, for the taxable years 1987, 1988, and 1989:

| Year | Deficiency | Additions to Tax Sec. 6661 | Penalty Sec. 6662(a) |
|------|-----------|-----------------|----------------|
| 1987 | $38,236 | $9,559 | -- |
| 1988 | 36,662 | 9,166 | -- |
| 1989 | -- | -- | [1]$5,927 |

_____
    [1]  This figure is equal to 20 percent of the underpayment of tax previously assessed.


Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the remaining issues for decision are: (1) Whether petitioners received below-market demand loans from their closely held corporation such that dividends may be imputed to them in 1987 and 1988 in the amount of the forgone interest pursuant to section 7872; and (2) whether petitioners are liable

for additions to tax pursuant to section 6661(a) for a substantial understatement of tax for 1987 and 1988. (Petitioners concede the correctness of the section 6662(a) accuracy-related penalty for 1989.)

This case was submitted pursuant to Rule 122, on a full stipulation of facts, and the facts as stipulated are so found. This reference incorporates herein the stipulation of facts and attached exhibits. Petitioners resided in Jacksonville, Florida, at the time they filed their petition in this case. (The term petitioner will be used henceforth to refer to Raymond K. Mason.)

## Background

Petitioners are the only shareholders of Rebuilding Service, Inc. (RSI), a corporation which makes investments and loans, in addition to providing consulting services. Petitioner is RSI's president and director. Petitioners report their income on a calendar year and cash basis. RSI is also on a calendar year; RSI reports its income on an accrual basis.

As of the time this case was submitted, a revolving credit relationship between petitioners and RSI, in which petitioners periodically borrowed from and repaid advances made by RSI, had existed for a number of years. During 1987 and 1988, RSI advanced funds to petitioners in the amounts of $1,128,570 and $25,648, respectively, for both personal and investment purposes. The terms of the loans were not reduced to a note or security

agreement. The loans had no fixed maturity date for repayment, and RSI could have demanded the outstanding principal balances at any time. During 1987 and 1988, petitioners and RSI did not record, set, or otherwise contemplate a rate of interest on these loans.

Also during 1987 and 1988, petitioners made repayments to RSI in the total amounts of $839,702 and $381,734, respectively. (RSI's ending balances in 1987 and 1988 for all of its advances to petitioners were $2,282,482 and $2,093,993, respectively.) No interest expense relating to these payments was shown on petitioners' joint Forms 1040, U.S. Individual Income Tax Return, nor was interest income reflected on RSI's Forms 1120, U.S. Corporation Income Tax Return. Whenever petitioner and RSI exchanged money during this period, RSI's financial ledger simply reported a debit or credit to "note payable--shareholder", as appropriate. Likewise, petitioner's financial ledger reported a credit or debit to "accounts payable/account receivable--RSI", as appropriate. Neither petitioners' nor RSI's ledger explicitly characterized the repayments as either principal or interest. However, the ledgers indicate that all payments by petitioners to RSI reduced the outstanding principal of the loans dollar-for-dollar by the amount of the payments.

In 1990, petitioners retained the accounting firm KPMG Peat Marwick (KPMG) to analyze the ledgers of both petitioners and RSI. KPMG calculated what RSI's interest income on the loans

would have been at the applicable Federal rate (AFR) under section 7872(e)(2) for 1987 and 1988. Of petitioners' repayments to RSI, KPMG calculated that $728,098 and $214,065 ought to have been applied to reduce the outstanding principal on the loans for 1987 and 1988, respectively, and $111,604 and $167,569 should have been allocated to interest at the AFR for those same years.

Respondent timely issued a statutory notice of deficiency on February 16, 1996. Among other things, respondent adjusted petitioners' income for the relevant tax years to reflect dividend income from RSI pursuant to section 7872. (Respondent adjusted RSI's income on its Forms 1120 for 1987 and 1988 to reflect interest income in the amounts calculated by KPMG.) Respondent further adjusted petitioners' itemized deductions to allow for a partial deduction for the interest respondent deemed paid to RSI by petitioners for the years in question. Respondent allowed petitioners a full deduction for interest expenses identified from "investment sources" in the KPMG analysis, and a partial deduction for interest expenses identified from "personal sources", in accordance with section 163.

## Discussion

We must decide whether respondent properly imputed dividends to petitioners in 1987 and 1988 under section 7872 where no evidence indicates that interest had accrued or was otherwise paid on the loans in those years. (Petitioners concede that respondent's adjustments to RSI's income and to petitioners'

itemized deductions were correct.)  We must also decide whether petitioners are liable for additions to tax under section 6661 for a substantial underpayment of tax for 1987 and 1988.

I.  Were Dividends Properly Imputed to Petitioners Under Section 7872 for 1987 and 1988?

Section 7872 was enacted as part of the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 172(a), 98 Stat. 699.  Section 7872 sets forth the appropriate income and gift tax treatment for certain categories of "below-market" loans; i.e., loans that are interest free or that provide for interest that is lower than the AFR.  Sec. 7872(e)(1); KTA-Tator, Inc. v. Commissioner, 108 T.C. 100, 105 (1997).  Section 7872 recharacterizes a below-market loan, as defined in section 7872(e)(1), so that the loan becomes the equivalent of an arm's-length transaction in which the lender made a loan to the borrower in exchange for a note requiring the payment of interest at a statutory rate.  As a result, the parties are treated as if the lender had made a transfer of funds to the borrower, and the borrower then used these funds to pay interest to the lender.  The deemed transfer to the borrower is treated either as a gift, dividend, contribution of capital, payment of compensation, or other payment depending on the substance of the transaction.  The deemed interest payment is included in the lender's income and generally may be deducted by the borrower, subject to the rules governing the deductibility of interest.  KTA-Tator, Inc. v. Commissioner, supra at 102; see H.

Conf. Rept. 98-861, at 1015 (1984), 1984-3 C.B. (Vol. 2) 1, 269; Staff of Joint Comm. on Taxation, General Explanation of the Revenue Provisions of the Deficit Reduction Act of 1984, at 528-529 (J. Comm. Print 1984).

Section 7872 applies to a transaction that is:  (1) A loan; (2) subject to a "below-market" interest rate; and (3) described in one of several enumerated categories.  Sec. 7872(c)(1), (e)(1), (f)(8).  Petitioners do not contest that the advances from RSI constitute loans, or that the loans were from a corporation to its shareholders (one of the enumerated categories under section 7872(c)(1)).  Rather, petitioners maintain that the advances were not made at a below-market rate, and therefore section 7872 does not apply to impute dividend income to them.

In order to determine whether the below-market loan requirement is satisfied for purposes of applying section 7872, we must ascertain whether the loan is (1) A demand or term loan and (2) subject to a below-market interest rate.  See sec. 7872(e)(1).

Below-market loans fit into one of two categories:  Demand loans and term loans.  Sec. 7872(e)(1); see H. Conf. Rept. 98-861, at 1018, 1984-3 C.B. (Vol. 2) at 272.  A demand loan includes "any loan which is payable in full at any time on the demand of the lender."  Sec. 7872(f)(5).  A term loan is "any loan which is not a demand loan."  Sec. 7872(f)(6).  The determination of whether a loan is payable in full at any time on

the demand of the lender is a factual one.  Loans between closely held corporations and their controlling shareholders are subject to special scrutiny.  Electric & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1339 (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974).

In the instant case, RSI made loans without written repayment terms to its only shareholders and had unfettered discretion to determine when the loans would be repaid.  On that basis, we conclude that the loans are demand loans.  We reached the same conclusion on similar facts in KTA-Tator, Inc. v. Commissioner, supra at 104-105.

Next, we must determine whether the loans were subject to a below-market interest rate.  A demand loan is a below-market loan if it is interest free, or if it provides for interest at a rate that is lower than the AFR as determined under section 1274(d). Sec. 7872(e)(1)(A), (f)(2)(B).  If a demand loan is classified as a below-market loan, the lender has interest income (forgone interest) equal to the difference between (1) The interest that would have accrued on the loan using the AFR as the interest rate; and (2) any interest actually payable on the loan.  Sec. 7872(e)(2); KTA-Tator, Inc. v. Commissioner, supra at 105.  The parties are treated as though, on the last day of each calendar year, the lender transferred an amount equal to the forgone interest to the borrower and the borrower repaid this amount as interest to the lender.  Sec. 7872(a).  In the context of a loan

between a corporation and a shareholder, the deemed transfer of forgone interest from the corporation to the shareholder is treated as a distribution, which generally is taxed as a dividend to the shareholder.  KTA-Tator, Inc. v. Commissioner, supra at 106; McGinnis v. Commissioner, T.C. Memo. 1993-45; see H. Conf. Rept. 98-861, at 1012, 1984-3 C.B. (Vol. 2) at 266.

Petitioners contend that section 7872 does not apply to the instant case, arguing that interest on the loans had accrued at the AFR in 1987 and 1988 and was in fact paid in those years, although petitioners admit that interest was not expressly allocated as such until 1990.  Petitioners maintain that proposed regulations under section 7872 provide support for a post-tax-yearend partial allocation of a repayment to interest at the AFR. Petitioners further assert that the adjustments made by respondent to the returns of RSI and petitioners for the years at issue shows the propriety of such post-tax-yearend partial allocations to interest.

Respondent, on the other hand, argues that there was forgone interest on the loans and therefore section 7872 applies in this case, since neither petitioners nor RSI had agreed to any interest liability during 1987 and 1988.  Moreover, respondent avers, no evidence exists that any of petitioners' payments to RSI in 1987 and 1988 were in fact applied to interest owed on the loans.  Under the circumstances, respondent maintains that a repayment cannot be partially allocated to interest at the AFR

after the end of the relevant tax year in order to skirt the application of section 7872. For the reasons which follow, we agree with respondent.

Petitioners rely primarily on section 1.7872-13(c), Proposed Income Tax Regs., 50 Fed. Reg. 33568, 33569 (Aug. 20, 1985), as support for their position. Petitioners point to language in section 1.7872-13(c), Proposed Income Tax Regs., that provides:

> If a demand loan does not have a constant outstanding principal amount during a period, the amount of forgone interest shall be computed according to the principles set forth in paragraph (b) of this section, with each increase in the outstanding loan balance being treated as a new loan and each decrease being treated as first a repayment of <u>accrued but unpaid interest (if any)</u>, and then a repayment of principal. [Emphasis added.]

We note that, while proposed regulations do constitute a body of informed judgment which courts may draw on for guidance, <u>Frazee v. Commissioner</u>, 98 T.C. 554, 582 (1992), this Court accords them no more weight than that given to a litigation position. See <u>KTA-Tator, Inc. v. Commissioner</u>, 108 T.C. at 102-103. In any case, petitioners' reliance thereon is misplaced.

Most importantly, petitioners ignore the fact that, contrary to the underscored language of section 1.7872-13(c), Proposed Income Tax Regs., no interest "accrued" during the years in question in this case. Petitioners acknowledge that no obligation to pay interest had been agreed on or contemplated by the parties to the loan transactions during 1987 and 1988. Petitioners nonetheless assert that interest need not be stated

to avoid section 7872. In so arguing, petitioners ignore the language of section 1.7872-3(c)(1), Proposed Income Tax Regs., 50 Fed. Reg. 33559 (Aug. 20, 1985), which provides that "Section 7872 does not apply to any loan which has sufficient stated interest." (Emphasis added.) In any event, no evidence demonstrates that any interest was actually paid in 1987 and 1988. Indeed, all evidence points to the contrary. No interest income was shown on RSI's Forms 1120, nor was any interest expense reflected on petitioners' returns for the years at issue. Also telling is the fact that both petitioners' and RSI's financial ledgers indicate that all payments by petitioners to RSI reduced the outstanding principal of the loans dollar-for-dollar by the amount of the payments.

Furthermore, petitioners ignore the parenthetical language "if any" emphasized above. Petitioners theorize that the words "unpaid interest" refer to imputed interest computed at the AFR under section 7872, and thus assert that all repayments should be treated first as payments of such interest by the borrower. In that connection, petitioners posit, without pointing to any authority, that section 7872 applies only in the narrow circumstance where a taxpayer learns after the end of the relevant tax year that his repayments are insufficient to satisfy first all of the interest owing at the AFR. However, if petitioners' interpretation were correct, the parenthetical language "if any" would be superfluous, as there would always be

interest to be repaid first on a below-market loan under section 7872.

We think that the provision in section 1.7872-13(c), Proposed Income Tax Regs., is more appropriately viewed as only applying to payments of below-market _stated_ interest. In this context, the parenthetical "if any" makes sense, as there may well be no stated interest (as in the case at hand). Our interpretation finds support in an example given later in the proposed regulations. Section 1.7872-13(d), _Example_ (_2_), Proposed Income Tax Regs., 50 Fed. Reg. 33569 (Aug. 20, 1985), treats partial repayments on an interest-free demand loan as repayments of principal only, thereby requiring a separate calculation of forgone interest.

Petitioners next attempt to bootstrap respondent's adjustments to RSI's interest income and petitioners' itemized deductions for interest expense under section 7872 (which petitioners do not contest) into evidence that interest equal to the AFR was paid in 1987 and 1988 on the loans. Petitioners ignore the fact that, as the adjustments by respondent were made after the years in question to reflect what petitioners and RSI _should have_ reported on their returns, the adjustments cannot conceivably be relied upon to show that interest was in fact paid in those amounts.

Petitioners posit that "the Commissioner has already enjoyed the tax benefits of the interest payments and is now [unjustly]

seeking an imputed dividend from the Petitioners."  Petitioners misconstrue the manner in which the transaction is viewed under section 7872.  As mentioned above, the statute treats a below-market loan as a transfer from the lender to the borrower of an amount equal to the forgone interest, and a retransfer of such amount from the borrower to the lender as interest.  Sec. 7872(a)(1).  Pursuant to that treatment, petitioners have received increased itemized deductions for interest to the extent allowed by rules governing such deductions, and forgone interest was included in income by RSI.  It is integral to the statutory scheme that petitioners also recognize the amount of forgone interest as dividend income.

Finally, it is true that, in 1990, KPMG determined the correct amount of interest that should have accrued on the debt in order to have avoided the application of section 7872.  However, it is well established that a transaction is to be given effect in accordance with what actually occurred, not with what might have taken place under different circumstances. Commissioner v. National Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 148 (1974).  Taxpayers are bound by the form of the transaction they chose and must accept the tax consequences of their choice.  Id. at 149; Bradley v. United States, 730 F.2d 718, 720 (11th Cir. 1984).  Since petitioners structured the loans without stated interest during 1987 and 1988, they may not

retroactively decide to make them interest bearing in an amount equal to the AFR to achieve a more favorable tax result.

Based on the foregoing, we hold that dividend income was properly imputed to petitioners under the provisions of section 7872 in 1987 and 1988 in the amount of $111,604 and $167,569, respectively.

II. Are Petitioners Liable for Additions to Tax Under Section 6661 in 1987 and 1988 for a Substantial Understatement of Tax?

Respondent determined that petitioners are liable for additions to tax for a substantial understatement of tax for 1987 and 1988 under section 6661.

As in effect for 1987 and 1988, section 6661(a) imposed an addition to tax of 25 percent of the amount of any underpayment attributable to a substantial understatement of tax. See Pallottini v. Commissioner, 90 T.C. 498, 503 (1988). An understatement is the amount by which the correct tax exceeds the tax reported on the return. Sec. 6661(b)(2)(A). An understatement is substantial if it exceeds the greater of 10 percent of the correct tax or $5,000 ($10,000 in the case of a corporation). Sec. 6661(b)(1). Petitioners bear the burden of proving that respondent's imposition of additions to tax under section 6661 is erroneous. Rule 142(a); Tweeddale v. Commissioner, 92 T.C. 501, 506 (1989).

Petitioners have adduced no evidence on this issue, nor did they advance any reasons why the additions should not apply,

other than their claim that there is no section 7872 adjustment producing an understatement.  (Petitioners do not contend that they have substantial authority or that they adequately disclosed the understatement under sec. 6661(b)(2)(B)(i) and (ii).)  Since we have held otherwise, if the recomputed deficiency under Rule 155 satisfies the statutory percentage or amount, petitioners will be liable for such additions to tax.  See <u>Cluck v. Commissioner</u>, 105 T.C. 324 (1995).  We have considered petitioners' other arguments, and to the extent that they are not addressed herein, we find them to be either irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.