T.C. Memo. 1997-491


UNITED STATES TAX COURT


KENT JENSEN AND CAROL JENSEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20121-94.                    Filed October 29, 1997.


<u>J. Craig Carman</u>, for petitioners.

<u>Richard W. Kennedy</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined deficiencies in
petitioners' joint Federal income taxes, an addition to tax, and
an accuracy-related penalty, as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a) | Accuracy-Related Penalty Sec. 6662(a) |
|------|-----------|------------------------------|----------------------------------------|
| 1988 | $ 502 | -- | -- |
| 1989 | 4,148 | $1,058 | -- |
| 1990 | 9,335 | -- | $1,871 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All references to petitioner are to Kent Jensen.

The issue for decision is whether petitioners are entitled either to a section 166 business bad debt deduction with respect to $128,841 that was transferred to petitioners' closely held corporation or to a section 1244 ordinary loss deduction in the same amount with respect to the stock of petitioners' closely held corporation.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. When the petition was filed, petitioners resided in Centerville, Utah.

On July 23, 1984, petitioners organized K&C Industries (K&C) as a corporation to market and sell artificial fingernails. Petitioner served as president and treasurer of K&C, and Carol Jensen served as vice president and secretary of K&C.

At the time of K&C's formation, petitioners contributed to K&C $5,882 in cash, office furniture, and a computer system.

Petitioners each received 5,000 shares of the common stock of K&C, representing a 50-percent ownership interest in K&C for each petitioner.

From 1984 through 1987, petitioners transferred to K&C an additional $38,538 in small cash denominations from their personal funds and $94,000 obtained from petitioner's father.

The following schedule reflects for 1984 through 1987 the above funds transferred to K&C:

| Year | Funds Obtained From Petitioners | Funds Obtained From Petitioner's Father | |
|------|------|------|------|
| 1984 | $11,740 | $17,500 | |
| 1985 | 22,748 | 29,000 | |
| 1986 | 4,050 | 44,000 | |
| 1987 | -- | 3,500 | |
| Total | $38,538 | $94,000 | $132,538 |

During 1984, 1985, and 1986, petitioners received from K&C documents designated as promissory notes in favor of petitioners, as follows:

| Date Of Promissory Note | Amount |
|------|------|
| July 23, 1984 | $ 7,341 |
| July 23, 1984 | 7,341 |
| Mar. 21, 1985 | 85,000 |
| Feb. 12, 1986 | 30,000 |
| Total | $129,682 |

On August 5, 1986, 40,000 shares of K&C stock were issued in the name of petitioner's father and provided to petitioner's

father in connection with the $94,000 that petitioner's father had provided for transfer to K&C.

On their 1987 joint Federal income tax return, petitioners claimed a business bad debt deduction with respect to $128,841 that had been transferred to K&C. After mathematical modifications required by Schedule A, Form 1045, petitioners claimed on their 1987 joint Federal income tax return a net operating loss (NOL) of $127,533 based upon the above $128,841 claimed business bad debt deduction. The claimed net operating loss of $127,533 was carried forward to petitioners' joint Federal income tax returns for 1988, 1989, and 1990.

Petitioners untimely filed their 1989 joint Federal income tax return in September of 1991.

Respondent disallowed petitioners' claimed $128,841 business bad debt deduction for 1987 and the related $127,533 NOL that petitioners carried forward to 1988, 1989, and 1990. Respondent also determined for 1989 an addition to tax with respect to the late filing of petitioners' 1989 joint Federal income tax return under section 6651(a) and for 1990 an accuracy-related penalty under section 6662(a).

## OPINION

Generally, taxpayers are allowed deductions for bona fide debts owed to them that become worthless during a year. Sec. 166(a). Bona fide debts generally arise from valid debtor-

creditor relationships reflecting enforceable and unconditional obligations to repay fixed sums of money. Sec. 1.166-1(c), Income Tax Regs. Contributions to the capital of corporations and other equity investments in corporations do not constitute or qualify as bona fide debts. Kean v. Commissioner, 91 T.C. 575, 594 (1988).

The question of whether transfers of funds to closely held corporations constitute debt or equity must be decided on the basis of all the relevant facts and circumstances, and taxpayers generally bear the burden of proving that the transfers constituted loans by the taxpayers to the corporations and not equity investments. Rule 142(a); Dixie Dairies Corp. v. Commissioner, 74 T.C. 476, 493 (1980).

Various factors are often used to analyze whether funds transferred to closely held corporations are to be treated as debt or equity: (1) The treatment of the funds on documents prepared by the parties to the transaction; (2) the presence or absence of fixed due dates for repayment of the funds; (3) the likely source of repayment of the funds; (4) efforts to enforce repayment of the funds; (5) participation by the transferor of the funds in management of the corporation; (6) whether the transferor subordinated right of repayment to the corporation's other creditors; (7) the intent of the parties; (8) whether the transferor of the funds was also a shareholder of the corporation; (9) the capitalization of the corporation;

(10) availability to the corporation of outside financing; (11) use of the funds by the corporation; (12) repayment history; and (13) the risks involved in making the transfers. <u>Calumet Indus., Inc. v. Commissioner</u>, 95 T.C. 257, 285 (1990); <u>Dixie Dairies Corp. v. Commissioner</u>, <u>supra</u> at 493. No single factor is controlling. <u>Dixie Dairies Corp. v. Commissioner</u>, <u>supra</u> at 493.

Transfers by controlling shareholders to closely held corporations are subject to heightened scrutiny, and labels attached to such transfers by controlling shareholders through bookkeeping entries or testimony have limited significance unless the labels are supported by objective evidence. <u>Fin Hay Realty Co. v. United States</u>, 398 F.2d 694, 697 (3d Cir. 1968); <u>Dixie Dairies Corp. v. Commissioner</u>, <u>supra</u> at 495.

Petitioners argue that the $128,841 claimed business bad debt deduction constituted bona fide business loans by them to K&C and that the loans became worthless in 1987. Alternatively, if the funds they transferred to K&C are to be treated as equity, petitioners argue that a section 1244 ordinary loss deduction should be allowed with regard thereto.

Respondent argues that the funds petitioners transferred to K&C should be treated as contributions to the capital of K&C and that petitioners therefore should not be allowed the claimed $128,841 business bad debt deduction under section 166. With regard to the alternatively claimed section 1244 loss, respondent argues that that section would apply only to the 10,000 shares of

stock that petitioners owned and not to the 40,000 shares of K&C stock that were issued in the name of petitioner's father and that related to the $94,000 provided by petitioner's father that was contributed to K&C. We agree with respondent.

The evidence in this case undermines the credibility of the four written promissory notes on which petitioners rely. The timing and the amount of the four promissory notes do not correlate with the timing and the amount of the transfers of funds to K&C. The four promissory notes total $129,682, and the transfers total $132,538. The testimony regarding the promissory notes is unclear and inconsistent.

K&C's initial capitalization of only $5,882 is grossly disproportionate to K&C's purported debt obligations. K&C appears to have been undercapitalized and unable to obtain outside financing.

Petitioners received no repayments of any of the funds transferred to K&C and no payments of interest thereon.

On the basis of the evidence and considering petitioners' burden of proof, we find that petitioners have not established that the $128,841 claimed business bad debt deduction relates to a bona fide loan.

With regard to their alternative claim, petitioners argue that the 40,000 shares of K&C stock were issued to petitioner's father due to a clerical error, that they were the real owners of

this stock, and that they should be entitled to claim an ordinary loss with regard thereto under section 1244.

Generally, we treat facts as they happened, not as they could or might have happened. See Estate of Legg v. Commissioner, 40 B.T.A. 1074, 1076 (1939), revd. and remanded on another issue 114 F.2d 760 (4th Cir. 1940). As respondent acknowledges, petitioners are entitled to a section 1244 ordinary loss deduction for the 10,000 shares of stock that were issued to them. Petitioners, however, have not established their ownership of the 40,000 shares of K&C stock issued to petitioner's father, and petitioners are not entitled to the claimed section 1244 ordinary loss deduction with regard thereto.

In order to avoid the addition to tax for late filing of a tax return, taxpayers must prove that their failure to file timely was due to reasonable cause and not to willful neglect. Sec. 6651(a); United States v. Boyle, 469 U.S. 241, 245 (1985); Catalano v. Commissioner, 81 T.C. 8 (1983), affd. without published opinion sub nom. Knoll v. Commissioner, 735 F.2d 1370 (9th Cir. 1984); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioners present no argument to refute the section 6651(a) late filing addition to tax, and respondent's determination is sustained.

Under section 6662(a), a penalty is imposed equal to 20 percent of the portion of the underpayment that is attributable to a substantial understatement of income tax (namely, an understatement for a year in excess of 10 percent of the amount required to be shown on the Federal income tax return or $5,000).

Sec. 6662(d)(1).  Petitioners present no credible argument as to the section 6662(a) substantial understatement penalty, and we sustain respondent's imposition of this penalty.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.