T.C. Memo. 1999-1


UNITED STATES TAX COURT


KEVIN JAMES CULLINANE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10032-96.          Filed January 4, 1999.


Kevin James Cullinane, pro se.

<u>Lisa N. Primavera</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


SWIFT, <u>Judge</u>:  Respondent determined a deficiency of $14,878 in petitioner's Federal income tax for 1993 and additions to tax under sections 6651(a)(1) and 6654(a) in the amounts of $3,720 and $623, respectively.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether $46,818 that petitioner received as compensation for services constitutes taxable income; and (2) whether petitioner is liable for additions to tax under sections 6651(a)(1) and 6654(a).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

When the petition was filed, petitioner resided in Newport Beach, California.

In 1993, petitioner received $46,818 as compensation for services rendered as a lecturer and researcher for Miliken & Co.

For 1993, petitioner did not make estimated tax payments, and petitioner did not file an individual Federal income tax return.

On audit, respondent determined that petitioner received the $46,818 as taxable income. Respondent also determined that petitioner is liable for the additions to tax.

## OPINION

Gross income is defined as all income from whatever source derived, including compensation for services. Sec. 61(a)(1).

In general, respondent's determinations in a notice of deficiency are presumed to be correct, and taxpayers bear the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Petitioner makes numerous tax protester arguments. Petitioner argues that he has a basis in his labor equal to his compensation and that therefore the $46,818 in compensation he received in 1993 does not constitute taxable income. Petitioner also argues that the Federal income tax constitutes an excise tax and that his compensation was not earned under any privilege or license on which an excise tax can be imposed.

Courts have consistently held that compensation for services rendered constitutes taxable income and that taxpayers have no tax basis in their labor. Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986); Olson v. United States, 760 F.2d 1003, 1005 (9th Cir. 1985); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981); Abrams v. Commissioner, 82 T.C. 403, 407 (1984); Rowlee v. Commissioner, 80 T.C. 1111, 1119-1122 (1983).

Courts have also rejected the argument that a taxpayer is liable for income tax only if the taxpayer has received a privilege or license on which an excise tax can be imposed. Olson v. United States, supra at 1005; United States v. Buras, 633 F.2d 1356, 1361 (9th Cir. 1980).

Petitioner has stipulated that he received the $46,818 in question as compensation for services. We conclude that the $46,818 petitioner received in 1993 from Miliken & Co. constitutes taxable income. We also reject petitioner's other tax protester arguments.

Additions to Tax

Under section 6651(a)(1), an addition to tax is imposed for failure to file a Federal income tax return.  This addition to tax will not be imposed if it is shown that the failure to file was due to reasonable cause and not due to willful neglect.

Petitioner has not presented any evidence that his failure to file was due to reasonable cause.  Petitioner's argument that he is not required to pay tax on compensation for services does not constitute reasonable cause.  We conclude that petitioner is liable for the addition to tax under section 6651(a)(1).

Under section 6654(a), an addition to tax is imposed for failure to make estimated income tax payments.  Petitioner stipulated that he made no payments of estimated tax, and petitioner does not assert that an exception applies.  We conclude that petitioner is liable for the addition to tax under section 6654.

To reflect the foregoing,

Decision will be entered

for respondent.