T.C. Memo. 1999-54

UNITED STATES TAX COURT

KARL T. HARVEY AND KATHLEEN S. HARVEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14541-97.                    Filed February 26, 1999.

<u>Steven M. Cyr</u>, for petitioners.

<u>Ann M. Murphy</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  This case was submitted
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 182.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable years in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income taxes for 1992, 1993, and 1994 in the amounts of $3,682, $1,733, and $3,129, respectively, and accuracy-related penalties pursuant to section 6662(a) in the amounts of $736.40, $346.60, and $625.80, respectively.

The issues for decision are: (1) Whether petitioners received and failed to report constructive dividends during the taxable years in issue; and (2) whether petitioners are liable for the section 6662(a) accuracy-related penalties for the taxable years in issue.

This case was submitted fully stipulated. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioners resided in Phoenix, Arizona, on the date the petition was filed in this case.

All of the substantive adjustments in the statutory notice of deficiency relate to petitioners' shareholder interests in the Kathy Harvey Trust Corporation (KHTC). Petitioners have operated KHTC as a painting business since its incorporation on May 16, 1984.

## 1. Constructive Dividends

The first issue for decision is whether petitioners received and failed to report constructive dividends during the taxable years in issue. Section 61(a) includes in gross income all income from whatever source derived including, but not limited to, dividends. Sec. 61(a)(7).

In the statutory notice of deficiency, respondent determined that petitioners received and failed to report constructive dividends from KHTC during 1992, 1993, and 1994 in the amounts of $12,218, $11,301, and $10,851, respectively. KHTC's Federal income tax returns reveal that it had ample earnings and profits during the taxable years in issue to cover the amounts of constructive dividends determined by respondent. The parties have stipulated that the determined amounts consist of the following:

| Dividends | 1992 | 1993 | 1994 |
|---|---|---|---|
| Forgone interest under sec. 7872 | $7,984.67 | $7,324.29 | $8,472.41 |
| Petitioners' personal expenses paid by KHTC | 4,233.00 | 3,977.00 | 2,379.00 |

A. Forgone Interest Under Section 7872

KHTC advanced funds to petitioners before and during the taxable years in issue. No loan documents were executed with respect to the advanced funds. There is no evidence that petitioners were obligated to pay or in fact paid any interest on the advanced funds. Petitioners repaid some of the advanced funds before and during the taxable years in issue.

Section 7872 sets forth the income and gift tax treatment for certain categories of "below-market" loans; i.e., loans that are interest free or that provide for interest that is lower than the applicable Federal rate. Sec. 7872(e)(1); KTA-Tator, Inc. v. Commissioner, 108 T.C. 100, 105 (1997); Mason v. Commissioner, T.C. Memo. 1997-352. Pursuant to section 7872, a below-market

loan is recharacterized as an arm's-length transaction in which the lender made a loan to the borrower in exchange for a note requiring the payment of interest at the applicable Federal rate. The amount by which the interest which would have been payable on the loan at the applicable Federal rate exceeds the interest payable pursuant to the loan agreement is called "forgone interest". Sec. 7872(e)(2). The forgone interest is treated as: (1) Transferred from the lender to the borrower; and (2) retransferred from the borrower to the lender as interest paid on the loan. Sec. 7872(a)(1)(A) and (B). The first transfer is treated as a gift, dividend, payment of compensation, or other payment to the borrower, depending on the relationship between the lender and the borrower. KTA-Tator, Inc. v. Commissioner, supra at 102. The second transfer is treated as a payment of interest by the borrower to the lender which is includable in the lender's income and deductible by the borrower to the extent allowable under section 163. Id.

Petitioners agree that the advances made by KHTC fall within the section 7872(e)(1) definition of a below-market loan. They contend, however, that respondent erred in determining the amounts of the outstanding loans which were subject to section 7872 during the taxable years in issue. They argue that some of the older loans were "unenforceable" during the taxable years in issue by reason of Oregon's statute of limitation for commencing actions upon a liability, effectively exempting such loans from section 7872. Petitioners calculate that the correct amounts of

their constructive dividends in the form of forgone interest for 1992, 1993, and 1994 are $8,310.81, $5,912.55, and $164.72, respectively. Respondent argues that the Oregon law cited by petitioners is irrelevant to the application of section 7872.

The Oregon statute of limitation relied upon by petitioners generally requires that actions upon a contract or liability must be commenced within 6 years. Or. Rev. Stat. sec. 12.080 (1997). However, petitioners stated in their petition to the Court that the loans were substantially repaid as of April 14, 1997, several years after the loans allegedly became "unenforceable" under Oregon law. In addition, KHTC listed all of the outstanding advances as loans to stockholders on the Schedules L (balance sheets) of its Federal income tax returns. We conclude from this record that petitioners treated all of the loans as valid debt during the taxable years in issue. Moreover, we agree with respondent's position that State law does not control whether these outstanding loans are subject to section 7872. Morgan v. Commissioner, 309 U.S. 78, 80 (1940); Burnet v. Harmel, 287 U.S. 103, 110 (1932); see also Estate of Arbury v. Commissioner, 93 T.C. 136, 148 (1989) where State usury laws did not limit the fair market interest rate to an amount less than the federal statutory rate.

We have considered petitioners' other arguments with respect to respondent's determinations of their constructive dividends in

the form of forgone interest and find them either irrelevant or lacking merit.[2]  Respondent's determinations are sustained.

B.  Petitioners' Personal Expenses Paid by KHTC

If a corporation pays for the personal expenses of its shareholders, it is well established that the shareholders are charged with additional distributions from the corporation, taxable to them as dividend income if the corporation has sufficient earnings and profits.  Melvin v. Commissioner, 88 T.C. 63, 79 (1987), affd. per curiam 894 F.2d 1072 (9th Cir. 1990); American Properties, Inc. v. Commissioner, 28 T.C. 1100, 1115 (1957), affd. 262 F.2d 150 (9th Cir. 1958).

In their petition, their opening brief, and their reply brief, petitioners failed to address respondent's determinations that they are properly charged with constructive dividends for KHTC's payment of their personal expenses.  The stipulations of fact include only a bald assertion by petitioners that such amounts were paid for business expenses.  The only evidence in the record related to these expenses is the revenue agent's explanation of why he determined that the amounts paid for such expenses constitute constructive dividends.

Based on the record, we find that petitioners have failed to prove any error in respondent's determinations that they are properly charged with constructive dividends for KHTC's payment

---

[2]    The two cases relied upon by petitioners in their briefs are not related in any manner to the issue of whether the loans in issue are subject to section 7872.  See Genest v. John Glenn Corp., 696 P.2d 1058 (Or. 1985); Delaney v. Taco Time Intl., Inc., 681 P.2d 114 (Or. 1984).

of their personal expenses during the taxable years in issue. We hold that respondent's determinations are sustained.

## 2. Accuracy-Related Penalties

The second issue for decision is whether petitioners are liable for the section 6662(a) accuracy-related penalties for the taxable years in issue. Respondent's determinations of negligence are presumed to be correct, and petitioners bear the burden of proving that the penalties do not apply. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors, one of which is negligence or disregard of rules or regulations. Sec. 6662(b)(1). Respondent determined that petitioners are liable for accuracy-related penalties imposed by section 6662(a) for the underpayments of tax for 1992, 1993, and 1994 because such underpayments were due to negligence or disregard of rules or regulations. "Negligence" includes a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. "Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

Section 6664(c)(1), however, provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment

if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

Based on the record, we find that petitioners' underpayments for 1992, 1993, and 1994 were not due to reasonable cause and that they did not act in good faith. Accordingly, we hold that petitioners are liable for the section 6662(a) accuracy-related penalties for the taxable years in issue as determined by respondent.

To reflect the foregoing,

Decision will be entered
for respondent.