UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ESTATE OF FREDERICK R. HOFFMAN,
Deceased; MARILYN C. HOFFMAN,
Executor; MARILYN C. HOFFMAN,
　　　　　*Petitioners-Appellants,*

v.

COMMISSIONER OF INTERNAL REVENUE,
　　　　　*Respondent-Appellee.*

No. 00-1372

Appeal from the United States Tax Court.
(Tax Ct. No. 98-9952)

Argued: April 3, 2001

Decided: May 8, 2001

Before TRAXLER and GREGORY, Circuit Judges, and
Lacy H. THORNBURG, United States District Judge for the
Western District of North Carolina, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Frank Agostino, CALO AGOSTINO, P.C., Hackensack,
New Jersey, for Appellants. Richard Farber, Tax Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Appellee. **ON BRIEF:** Susan M. Flynn, CALO AGOSTINO, P.C.,
Hackensack, New Jersey, for Appellants. Paula M. Junghans, Acting
Assistant Attorney General, Charles F. Marshall, Tax Division,

UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Petitioners appeal the decision of the United States Tax Court finding that advances made to their closely-held corporation were nondeductible loans and that prepaid real estate taxes were not deductible in the year paid. We have jurisdiction to review the decision of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." *Thomas v. Commissioner of Internal Revenue*, 62 F.3d 97, 99 (4th Cir. 1995) (citing 26 U.S.C. § 7482).

Petitioners own 80 percent of the stock of Hilltop Stud Farms, Inc. (Hilltop), a closely-held corporation in the business of breeding, raising and selling horses. Prior to 1993, Frederick Hoffman was the president of the corporation which also had a real estate division. When his health failed, his wife Marilyn became president. After his death in August 1996, the real estate division was discontinued.

Prior to and during the tax years at issue, 1994 through 1996, Petitioners frequently made advances to Hilltop from their personal finances which were recorded in corporate books and reported on corporate tax returns as shareholder loans. Petitioners never charged Hilltop interest on these advances for which there were neither written repayment terms nor due dates. Moreover, when the corporation made payments on these unsecured advances, they were treated as loan payments. The corporate tax returns, which were signed by Mrs. Hoffman, showed shareholder balances due the Hoffmans of $2,122,195 in 1994, $1,613,053 in 1995 and $1,751,372 in 1996.

Ronald Verblaauw, the corporation's accountant in 1994 and 1995, testified at trial that he discussed these advances, and their treatment as shareholder loans, with Marilyn Hoffman. Moreover, for a closely-held corporation, such treatment was standard accounting practice because the advances had not been capitalized.[1] Verblaauw noted that in 1994, Hilltop made a repayment of $558,000 to Mrs. Hoffman which was treated as a loan repayment, not a taxable distribution.

The corporate tax return for 1996 was prepared by Frederick Van Alstyne, who continues to be Hilltop's accountant. He also testified that he treated the advances as loans and recorded them as such. However, he advised Mrs. Hoffman of the relative merits of treating the advances as loans versus the capitalization of existing loan balances. Upon consideration, Mrs. Hoffman rejected the latter option.

After Hilltop was audited for the years at issue, Mrs. Hoffman decided to capitalize the loans on the corporate books. She testified at trial that although the farm had not done well in previous years, it was turning around due to an excellent reputation for breeding and raising miniature horses. Nonetheless, the corporation owned no assets. The real estate on which the farm operated was owned by Mrs. Hoffman and the horses were titled to her.

The Tax Court agreed with the Commissioner's position that the advances were interest-free loans, thus obligating the Petitioners to pay tax on imputed interest income pursuant to 26 U.S.C. § 7872. The Court also ruled the Petitioners could not deduct these loans as bad debts and they were not entitled to deduct prepaid 1997 real property taxes on their 1996 returns.

"The Tax Court's findings of fact will be upheld unless they are clearly erroneous. The Tax Court's decision is clearly erroneous if on the entire evidence the reviewing court is left with the definite and firm conviction that a mistake has been made. [W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be erroneous." *Zfass v. Commissioner*, 118 F.3d 184, 188

---

[1] In fact, from the inception of the corporation in 1956 through 1995, Hilltop's capital account consistently remained at $10,000.

(4th Cir. 1997) (citations omitted). Legal questions, however, are reviewed *de novo*. *Thomas, supra*.

"Section 7872 recharacterizes a below-market loan . . . so that the loan becomes the equivalent of an arm's-length transaction" by providing that when demand loans are made at below-market interest rates, interest income is imputed to the lender. *Mason v. Commissioner*, 74 T.C.M. (CCH) 260, 1997 WL 429713 (1997); *KTA-Tator, Inc. v. Commissioner*, 108 T.C. 100, 1997 WL 105010 (1997). "The parties are treated as though, on the last day of each calendar year, the lender transferred an amount equal to the forgone interest to the borrower and the borrower repaid this amount as interest to the lender." *Mason, supra*.

> A demand loan includes "any loan which is payable in full at any time on the demand of the lender." . . . The determination of whether a loan is payable in full at any time on the demand of the lender is a factual one. Loans between closely held corporations and their controlling shareholders are subject to special scrutiny. In the instant case, [taxpayers] made loans without written repayment terms to [the closely controlled corporation] and had unfettered discretion to determine when the loans would be repaid. On that basis, we conclude that the loans [were] demand loans. . . . A demand loan is a below-market loan if it is interest free . . . .

*Id.* (citations omitted); *accord, KTA-Tator, supra*; *Rountree Cotton Co., Inc. v. Commissioner*, 113 T.C. 422, 1999 WL 1203795 (1999), *aff'd*, ___ F.3d ___ (10th Cir. 2001).

Here, there were no loan documents reflecting the advances; however, Hilltop made repayments, without interest, and the corporate tax returns, signed by Mrs. Hoffman, reflected the advances as loans. *Harvey v. Commissioner*, 77 T.C.M. (CCH) 1449, 1999 WL 96113 (1999) (Section 7872 applied where no loan documents were executed with respect to advanced funds, no evidence that the borrower was obligated to pay any interest, tax returns reflected the advances as loans and some of the loans were actually repaid.); *McGinnis v. Commissioner*, 65 T.C.M. (CCH) 1870, 1993 WL 35064 (1993). Based on this record, the Tax Court's determination that the loans at

issue were below-market demand loans subject to § 7872 is not clearly erroneous. *Mason, supra; Harvey, supra.*

Moreover, "[o]rdinarily, taxpayers are bound by the form of the transaction they have chosen; taxpayers may not in hindsight recast the transaction as one that they might have made in order to obtain tax advantages." *Bolding v. Commissioner*, 117 F.3d 270, 273 (5th Cir. 1997) (citing *Estate of Leavitt v. Commissioner*, 875 F.2d 420, 423 (4th Cir. 1989)) (other citations omitted). "They are bound by the 'form' of their transaction and may not argue that the 'substance' of their transaction triggers different tax consequences." *Estate of Leavitt*, 875 F.2d at 423. In 1995, Mrs. Hoffman was advised of, and rejected, capitalization of the advances. She now seeks "in hindsight" to "recast" them in that form "in order to obtain tax advantages." *Id.* "[W]e do not merely encounter naive taxpayers caught in a complex trap for the unwary.... [Petitioners] attempted to treat the transaction[s] as cloaked in the guise having the more beneficial tax consequences for them." *Id.*, at 424. Whether the advances were loans is a factual issue which will not be disturbed unless clearly erroneous. *Id.* Such is not the case here.[2]

Petitioners also assign error to the Tax Court's refusal to allow "bad debt" deductions for the loans made to Hilltop. Title 26 provides taxpayers with a deduction for any debt "which becomes worthless within the taxable year." 26 U.S.C. § 166(a)(1). "'Deductions are a matter of legislative grace, and the taxpayer seeking the benefit of a deduction must show that every condition which Congress has seen fit to impose has been fully satisfied.'" *In re Landbank Equity Corp.*, 973 F.2d 265, 268 (4th Cir. 1992) (quoting *Wisely v. United States*, 893 F.2d 660, 666 (4th Cir. 1990)). "In determining the worthlessness

---

[2]We decline to apply a "debt/equity" analysis to these facts. Taxpayers who seek to elevate substance over form must present "strong proof," a burden which is greater than a preponderance of the evidence. *Pinson v. Commissioner*, T.C.M. (RIA) 2000-208, 2000 WL 949390, *supplemented by* T.C.M. (RIA) 2000-393, 2000 WL 1899298 (2000); *Nelson v. Commissioner*, 80 T.C.M. (CCH) 37, 2000 WL 949584 (2000). Here, Petitioners would not succeed by a preponderance of the evidence in showing that the substance of the transactions differed from the form thereof.

of a debt, a court should 'consider all pertinent evidence, including the value of the collateral, if any, securing the debt and the financial condition of the debtor.'" *Moore v. United States*, 943 F. Supp. 603, 621 (E.D. Va. 1996) (quoting Treas. Reg. § 1.166-2(a)(1995)); accord, *Leon H. Perlin Co., Inc. v. Commissioner*, 47 F.3d 1165 (table), 1995 WL 58557 (4th Cir. 1995). To meet the burden of proof under § 166(a), a taxpayer must show that the "debt had some value at the end of one tax year and that some identifiable event occurred during the succeeding tax year which demonstrated the absence of the debt's current and potential value." *Moore, supra*. "A debt is not worthless simply because it is of doubtful value or difficult to collect." *Reading & Bates Corp. v. United States*, 40 Fed. Cl. 737, 757 (1998) (citations omitted).

In 1994, Hilltop repaid a half a million dollars of the debt, clearly foreclosing any deduction for that tax year. Moreover, there is no evidence that Petitioners ever pressed the corporation for payment; indeed, they continued to make further advances. *Moore, supra* (citing *Cole v. Commissioner*, 871 F.2d 64, 67 (7th Cir. 1989)). These factors indicate that the debt continued to have value during the tax years at issue. *Id.* In addition, there is no evidence that Petitioners "exhaust[ed] all reasonable means of collection." *Stark v. Commissioner*, 77 T.C.M. (CCH) 1181, 1999 WL 30943 (1999). To the contrary, they made no attempts to collect repayment. "Choosing not to enforce a debt does not render it worthless." *Id.*

Nor did the Petitioners show an identifiable event which demonstrated a lack of viability. At the trial in 1999, Mrs. Hoffman testified the farm was actually improving its business and she had no plans to dissolve Hilltop because she was very confident it would make money in the future. Thus, contrary to any event rendering the debt worthless, Mrs. Hoffman felt the corporation had "turned the corner." Petitioners' claims that the loans were worthless debts were asserted after their audit. "Generally, we treat facts as they happened, not as they could or might have happened." *Jensen v. Commissioner*, 74 T.C.M. (CCH) 1076, 1997 WL 668958 (1997), *aff'd*, 208 F.3d 226 (10th Cir. 2000). The Tax Court's ruling was not clearly erroneous.

Petitioners' also challenge the Tax Court's ruling as to the prepayment of real estate taxes for the farm. In December 1996, Mrs. Hoff-

man paid a portion of the 1997 real property taxes. Real property taxes are allowed as a deduction "for the taxable year within which paid or accrued." 26 U.S.C. § 164(a). The Tax Court disallowed a deduction for the tax year 1996 because the 1997 property taxes had not yet been assessed. Taxes which have not been actually assessed have not accrued. *Lewis v. Commissioner*, 47 T.C.M. (CCH) 605, 1983 WL 14730 (1983); *Hradesky v. Commissioner*, 540 F.2d 821 (5th Cir. 1976). Thus, any partial payment in 1996 was not deductible in that tax year. *Id.*

We have considered the Petitioners' remaining contentions and find them to be without merit.

For these reasons, we affirm the decision of the United States Tax Court.

*AFFIRMED*